UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JUAN GALICIA BLANCO,

            Plaintiff,

   -against-

M&R PLAZA DELI INC. and
RASHAD MUSTAFA ALMALIKI,
as an individual,

           Defendants.
-----------------------------------------------------X

REPORT AND
RECOMMENDATION
23 CV 9408 (EK)(RML)

LEVY, United States Magistrate Judge:

        By order dated March 28, 2024, the Honorable Eric R. Komitee, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons stated below, I respectfully recommend that plaintiff's motion be granted in part and denied in part, and that plaintiff be awarded $17,049.90 in damages, plus post-judgment interest.

## BACKGROUND AND FACTS

        Plaintiff Juan Galicia Blanco ("plaintiff") commenced this wage and hour action on December 21, 2023, against defendants M&R Plaza Deli Inc. ("corporate defendant") and Rashad Mustafa Almaliki ("individual defendant" and together with corporate defendant, "defendants"), asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 301, *et seq.*, and the New York Labor Law ("NYLL") §§ 190, *et seq.* (Complaint, dated Dec. 21, 2023 ("Compl."), Dkt. No. 1.) Plaintiff was employed by defendants as a stocker, food preparer, and helper from in or around October 2021 until in or around February 2022. (Id. ¶¶ 7, 19; see

also Affidavit of Juan Galicia Blanco, dated July 31, 2024 ("Blanco Aff."), Dkt. No. 19-1.)[1] Corporate defendant is a New York domestic business corporation organized under the laws of New York with its principal place of business located in Queens, New York. (Compl. ¶ 8.) Individual defendant is the owner, officer, and/or agent of corporate defendant. (Id. ¶¶ 9, 10.) Individual defendant is responsible for overseeing the daily operations of corporate defendant, has power and authority over all final personnel and payroll decisions of corporate defendant, and has exclusive final power to hire and fire employees of corporate defendant. (Id. ¶¶ 11-15.) Furthermore, individual defendant is responsible for determining, establishing, and paying the wages of all employees of corporate defendant as well as setting working schedules and maintaining employment records of the business. (Id. ¶ 16.)

Plaintiff has provided proof of proper service of the summons and complaint on defendants. (See Affidavit of Service of Warren Bozarth, sworn to Jan. 4, 2024, Dkt. No. 9; Affidavit of Service of Sean Warner, sworn to Jan. 9, 2024, Dkt. No. 10; see also Affirmation of Avraham Y. Scher, Esq., dated Mar. 19, 2024 ("Scher Aff."), Dkt. No. 16, ¶¶ 6-9.) Defendants have failed to answer or otherwise move with respect to the complaint. Plaintiff moved for entry of default pursuant to Federal Rule of Civil Procedure 55(a) on February 13, 2024. (See Request for Certificate of Default, filed Feb. 13, 2024, Dkt. No. 12.) On February 16, 2024, the Clerk of the Court noted both defendants' default. (See Clerk's Entry of Default, dated Feb. 16, 2024, Dkt. No. 13.) On March 19, 2024, plaintiff moved for default judgment. (See Motion for Default Judgment, dated Mar. 19, 2024, Dkt. No. 15.) Judge Komitee referred plaintiff's motion to me on March 28, 2024. (See Order, dated Mar. 28, 2024.)

---

[1] On July 1, 2024, I directed plaintiff to submit an affidavit clarifying specific factual matters regarding his employment with defendants. (See Order, dated July 1, 2024.) In compliance with that order, plaintiff filed the instant affidavit on July 31, 2024. (See Blanco Aff.)

Plaintiff seeks default judgment on claims under the FLSA and NYLL for defendants' failure to (1) pay minimum wages, (2) pay overtime compensation; (3) pay regular wages; and (4) provide proper wage notices and wage statements. (Scher Aff. at 6; see also Plaintiff's Memorandum of Law, dated Mar. 19. 2024 ("Pl.'s Mem."), Dkt. No. 17, at 13-16.) Plaintiff requests an award of unpaid wages, liquidated damages, statutory damages, and post-judgment interest. (Pl.'s Mem. at 16-19.)

## DISCUSSION

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default," as it has done here. FED. R. CIV. P. 55(a). Second, after a default has been entered against the defendant and the defendant fails to appear or move to set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2). To grant a default judgment, the court must ensure that the plaintiff took all the required steps in moving for default judgment, including providing proper notice to defendants of the lawsuit. Here, as explained above, plaintiff has demonstrated that he properly served defendants with the summons and complaint. Plaintiff has also demonstrated that he served the Motion for Default Judgment and accompanying submissions on defendants in compliance with Local Rule 55.2(c). (See Affirmation of Service of Roman Avshalumov, Esq., dated Mar. 19, 2024, Dkt. No. 18.)

### A. Liability

An entry of default alone is insufficient to establish liability, "since a party in default does not admit mere conclusions of law." Trs. of the Plumbers Loc. Union No. 1

Welfare Fund v. Philip Gen. Constr., No. 05 CV 1665, 2007 WL 3124612, at *3 (E.D.N.Y. Oct. 23, 2007) (citation omitted). A defendant's "default is deemed to constitute a concession of all well pleaded allegations of liability." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). Where a plaintiff moves for default judgment, the court "is required to accept all of [the plaintiff's] factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). The court must also "determine whether [plaintiff's] allegations establish [defendants'] liability as a matter of law." Id.

        Plaintiff has sufficiently pleaded factual allegations that give rise to liability for unpaid overtime, minimum, and regular wages under the FLSA and NYLL. (See Compl. ¶¶ 20-31, 44-82.) The extent to which plaintiff can recover damages for these violations initially depends on whether: (1) his claims are timely; (2) he is a covered employee under the FLSA and the NYLL; and (3) defendants were plaintiff's employers under the FLSA and NYLL.

        1. Timeliness

        For claims to be timely under the FLSA, they must have arisen within the two years prior to filing of the complaint, or—for willful violations—within the three years prior. 29 U.S.C. § 255(a). Here, the complaint filed on December 21, 2023 alleges willful violations of the FLSA. (See Compl. ¶¶ 48, 49.) Therefore, the FLSA's three-year statute of limitations applies. Because plaintiff alleges that he was not properly paid wages for the period of October 2021 through February 2022, I find that those claims are timely under the FLSA. Regardless of willfulness, plaintiff's claims must arise within six years prior to the filing of the complaint to be timely under the NYLL. See N.Y. Lab. L. §§ 198(3), 663(3). Thus, plaintiff's claims are also

timely under the NYLL.

### 2. Employee Coverage

Since the provisions of the FLSA and NYLL apply only to employees of covered employers, a plaintiff in a wage and hour action must show that he or she was defendant's employee, and that defendant was an employer subject to the coverage of each statute. For purposes of the FLSA, an employee is "any individual employed by an employer," meaning any individual whom an employer "suffer[s] or permit[s] to work." 29 U.S.C. §§ 203(e)(1); (g). Absent a statutory exemption, such individuals are protected by the FLSA, so long as they work for a covered employer. An employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee."[2] 29 U.S.C. § 203(d). "Person" is defined as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." Id. § 203(a).

"Employers are subject to FLSA when their employees are either engaged in commerce or in the production of goods for commerce ('individual coverage') or employed in an enterprise engaged in commerce or in the production of goods for commerce ('enterprise coverage')." Reyes v. Tacos El Gallo Giro Corp., No. 20 CV 3474, 2022 WL 940504, at *3 (E.D.N.Y. Jan. 25, 2022), report and recommendation adopted, 2022 WL 939769 (E.D.N.Y. Mar. 29, 2022) (citing 29 U.S.C. §§ 206(a), 207(a)(1)) (quotation marks and citations omitted)). "[T]o properly allege individual or enterprise coverage, [plaintiff] need not do much. Aside from stating the nature of [his] work and the nature of [his employers'] business, plaintiff[] must

---

[2] "Courts have interpreted the definition of 'employer' under the [NYLL] coextensively with the definition used by the FLSA." Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 308 n.21 (S.D.N.Y. 2011); see also Oaxaca v. Hudson Side Cafe Inc., No. 13 CV 2698, 2018 WL 4859152, at *8 (E.D.N.Y. Oct. 8, 2018); Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 37 (E.D.N.Y. 2015).

provide only straightforward allegations connecting that work to interstate commerce." Id. (citations and quotation marks omitted).

Plaintiff worked for defendants as a stocker, food preparer, and helper and performed related miscellaneous duties for defendants from October 2021 until in or around February 2022. (See Compl. ¶ 1, 7; Pl.'s Mem. at 2; Blanco Aff. ¶¶ 3, 4.) Plaintiff has adequately pleaded that he was an employee to whom no statutory exemption applies. He has additionally alleged that he was "engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce." (Compl. ¶¶ 46, 57.) Furthermore, plaintiff alleges that corporate defendant had a gross annual volume of sales of not less than $500,000 per year during the relevant period and "has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce and has had employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with foods and material[s] that have been moved in or produced for commerce . . . ." (Id. ¶¶ 18, 47, 58.) On a motion for default judgment, it is sufficient to plead facts that plaintiff "handled goods or items that originated out-of-state." See, e.g., Brummell v. K1 HVAC Inc., No. 19 CV 5488, 2021 WL 3888138, at *3 (E.D.N.Y. Aug. 13, 2021); see also Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 121 (E.D.N.Y. 2011) (holding that there is enterprise coverage when workers "handle goods or materials that have moved or been produced in interstate commerce.") Accordingly, I find that plaintiff has established that he is a covered employee under the FLSA and the NYLL.

3. <u>Employer Status of Defendants</u>

Plaintiff seeks to hold two defendants—one corporation and one individual—liable for his unpaid wages. (Compl. ¶¶ 8-18.) To establish corporate defendant's liability under the FLSA and NYLL, plaintiff must allege that it was an "enterprise engaged in commerce or in the production of goods for commerce" within the applicable statutory definition. 29 U.S.C. § 203(s)(1). As discussed above, plaintiff has sufficiently established that corporate defendant was his employer and that it was engaged in commerce. (<u>See</u> Compl. ¶¶ 18, 47, 58.)

To hold individual defendant liable under the FLSA and NYLL, plaintiff must allege that individual defendant was his "employer" within the broad meaning of 29 U.S.C. § 203(d). <u>See</u> <u>Fermin v. Las Delicias Peruanas Rest., Inc.</u>, 93 F. Supp. 3d 19, 35-37 (E.D.N.Y. 2015). The Second Circuit has set forth a series of non-exclusive factors for evaluating the "economic reality" of a given relationship to determine whether an employment relationship exists. <u>See</u> <u>Carter v. Dutchess Cmty. Coll.</u>, 738 F.2d 8, 12 (2d Cir. 1984). These factors include whether the alleged employer: (1) had the power to hire and fire the employee; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. <u>Id.</u>; <u>see also</u> <u>Herman v. RSR Sec. Servs. Ltd.</u>, 172 F.3d 132, 139 (2d Cir. 1999). Here, plaintiff alleges that individual defendant is the owner, officer, and/or agent of corporate defendant; that he possessed and exercised operational control over corporate defendant; and that he had the authority to determine the wages and compensation of employees, establish the schedules of employees, maintain employee records, hire and fire employees, and set the salaries of employees. (Compl. ¶¶ 11-16.) Thus, plaintiff has alleged all four of the <u>Carter</u> factors and I therefore find that

7

individual defendant was plaintiff's employer. Accordingly, plaintiff has established the liability of both defendants under the FLSA and NYLL.

**B. Damages**

Once the court determines that a defaulting defendant is liable, "the court must conduct an inquiry to establish damages to a 'reasonable certainty.'" Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)). "[T]he quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). "The burden is on the plaintiff to establish [his or her] entitlement to recovery." Bravado Int'l Grp. Merch. Servs. v. Ninna, Inc., 655 F. Supp. 2d 177, 189 (E.D.N.Y. 2009). Plaintiff requests $26,971.43 for unpaid wages, liquidated damages, and wage notice and statement violations. (Pls.' Mem. at 20; see also Damages Calculations, attached as Ex. G to the Scher Aff., Dkt. No. 16-7.) I will address each category of damages in turn.

1. Unpaid Wages

"As a preliminary matter, when an employer fails to maintain accurate records or where, as here, no records have been produced as a consequence of a defendant's default, courts have held that the 'plaintiff['s] recollection and estimates of hours worked are presumed to be correct.'" Gunawan, 897 F. Supp. 2d at 88 (quoting Zeng Liu v. Jen Chu Fashion Corp., No. 00 CV 4221, 2004 WL 33412, at *3 (S.D.N.Y. Jan. 7, 2004)); see also Kim v. Kum Gang, Inc., No. 12 CV 6344, 2015 WL 2222438, at *25 (S.D.N.Y. Mar. 19, 2015) (where an employer fails to maintain records of wages and hours, plaintiffs "need only prove that they performed work for which they were not properly compensated and produce sufficient evidence to show the amount

8

and extent of that work as a matter of just and reasonable inference") (internal quotation marks and citations omitted). Here, because defendants have defaulted and no employment records have been produced, the court will presume the accuracy of plaintiff's recollection and estimates of hours worked. Plaintiff asserts that he regularly worked five days a week with shifts beginning at approximately 6:30 a.m. and ending at approximately 4:30 p.m. (Compl. ¶ 21.) As such, plaintiff worked approximately ten hours per day or fifty hours per week. (Id. ¶ 22.) Regardless of the number of hours plaintiff worked, defendants paid plaintiff a flat daily rate of $90. (Id. ¶ 23.)

      a. *Minimum Wages*

Under both the FLSA and the NYLL, employees must be paid at least the minimum hourly wage for each hour that they work. 29 U.S.C. § 206; N.Y. Lab. L. § 652. At all times relevant to this action, the FLSA required defendants to pay plaintiff a minimum hourly wage of $7.25. 29 U.S.C. § 206(a)(1). However, New York law obligated defendants to pay plaintiff a minimum hourly wage of $15.00.[3] N.Y. Lab. L. § 652(1)(a)(i). Because New York's minimum wage is higher than the federal minimum wage, plaintiff may recover that amount. 29 U.S.C. § 218(a); see also Gunawan, 897 F. Supp. 2d at 89.

To determine whether defendants paid plaintiff at least minimum wage, it is first necessary to determine his regular hourly rate of pay. Under both federal and New York law, when an employee is paid a flat, daily rate irrespective of the number of hours actually worked, that employee's regular rate is computed by "totaling all the sums received at such day rates . . .

---

[3] This is the minimum wage for both "large employers" (employers of eleven or more employees) and "small employers" (employers of ten or less employees). N.Y. Lab. L. § 652(1)(a)(i). Plaintiff has not specified defendant's number of employees. Regardless, the minimum wage during plaintiff's period of employment was $15.00 for both large and small employers.

9

in the workweek and dividing by the total hours actually worked." 29 C.F.R. § 778.112; see also N.Y.C.R.R. tit. 12, § 142-2.2. Plaintiff alleges that he was paid a daily rate of $90 from October 2021 through February 2022. (Compl. ¶ 23; Blanco Aff. ¶¶ 12,13.) Plaintiff alleges that he worked fifty hours per week. (Compl. ¶ 22; Blanco Aff. ¶¶ 11, 13.)

Based on plaintiff's submissions and my own calculations, I find that defendants did not pay plaintiff a regular hourly rate of pay that was equal to or greater than the wage required by New York law from October 2021 through February 2022. Therefore, plaintiff is owed damages for minimum wage violations for that period. I respectfully recommend that plaintiff be awarded $5,143.20 for minimum wage violations, in line with the below calculations.

| **Regular Hourly Rate of Pay Calculation** | | | | | |
|---|---|---|---|---|---|
| Pay Period | | Weekly Compensation | Hours Worked per Week | Calc. Regular Rate of Pay | Minimum Wage Rate (NYLL) |
| From | To | | | | |
| 10/1/21 | 2/28/22 | $450.00 | 50 | $9.00 | $15.00 |

| **Minimum Wage Calculation** | | | | | | | |
|---|---|---|---|---|---|---|---|
| Pay Period | | Weeks | Hours | Regular Rate of Pay | Minimum Wage Rate | Hourly Minimum Wages Owed | **Minimum Wages Owed** |
| From | To | | | | | | |
| 10/1/21 | 2/28/22 | 21.43 | 40 | $9.00 | $15.00 | $6.00 | **$5,143.20** |

    b. *Overtime Compensation*

Plaintiff alleges that defendants willfully violated the FLSA and NYLL by failing to pay him overtime wages. (Compl. ¶¶ 48, 49.) Plaintiff is entitled to compensation under the FLSA and NYLL at the rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty during a workweek. See 29 U.S.C. § 207(a)(1); N.Y.C.R.R. tit. 12, § 142-2.2. "'[T]he regular rate refers to the hourly rate actually paid [to] the employee for the normal, non-overtime workweek for which he [or she] is employed.'" Hernandez v. NJK

Contractors, Inc., No. 09 CV 4812, 2015 WL 1966355, at *41 (E.D.N.Y. May 1, 2015) (quoting Walling v. Youngerman Reynolds Hardwood Co., 325 U.S. 419, 424 (1945)).  The method for calculating overtime is the same under both statutes, but a plaintiff may not receive double damages.  See Martinez v. Alimentos Saludables Corp., No. 16 CV 1997, 2017 WL 5033650, at *15 (E.D.N.Y. Sept. 22, 2017).

To calculate the overtime compensation plaintiff is owed, the number of hours he worked over forty each week is multiplied by 150 percent of the higher of (i) his regular rate of pay, or (ii) the applicable minimum wage.  See Long Lin v. New Fresca Tortillas, Inc., No. 18 CV 3246, 2019 WL 3716199, at *3 (E.D.N.Y. May 1, 2019).  Here, plaintiff's overtime rate is calculated by multiplying the applicable minimum wage, as it is higher than plaintiff's regular rate of pay.  Accordingly, his overtime rate is $22.50.  Plaintiff alleges that he worked approximately 50 hours per week and that defendants never paid him overtime compensation.  (See Compl. ¶¶ 25, 48, 49, 53.)

Because plaintiff has already been paid for the hours he worked, the overtime wage deficiency "is calculated by multiplying the difference between the paid rate and the overtime wage rate by the total number of overtime hours worked."  Sanchez v. Ms. Wine Shop Inc., No. 22 CV 2178, 2022 WL 17368867, at *12 (E.D.N.Y. Nov. 30, 2022) (citations omitted).  Alternatively, plaintiff's actual compensation for overtime hours worked can be subtracted from the overtime wages that should have been paid to plaintiff based on his applicable overtime rate to achieve the same result, as demonstrated below.  Based on the calculations in the below table, I respectfully recommend that plaintiff be awarded $2,931.75 in unpaid overtime wages.

| Pay Period | | Weeks | OT Hours per Week | Regular Rate of Pay | Overtime Rate | Overtime Wages Owed Minus Wages Paid |
|---|---|---|---|---|---|---|
| From | To | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10/1/21 | 2/28/22 | 21.43 | 10 | $9.00 | $22.50 | $4,821.74 - $1,890.00 |
| **Total OT Wages Owed** | | | | | | **$2,931.75** |

    c. *Regular Wages*

"Plaintiffs are entitled to the full amount of their unpaid wages under the Labor Law, which requires payment of all unpaid wages." Jemine v. Dennis, 901 F. Supp. 2d 365, 379 (E.D.N.Y. 2012) (citing N.Y. LAB. L. § 198(3)). Plaintiff alleges that he was not compensated at all for his last five days of employment by defendants. (Compl. ¶ 26; Pl.'s Mem. at 15-16; Blanco Aff. ¶ 16.) The amounts owed to plaintiff for minimum wage and overtime compensation deficiencies for this period are accounted for within the above calculations. However, plaintiff is entitled to his regular wages of $90 per day for those five days. Accordingly, I recommend that plaintiff be awarded $450 for his last five days of employment with defendants for which he has not been compensated. In sum, I recommend that plaintiff be granted $8,524.95 in unpaid minimum, overtime, and regular wages.

    2. Liquidated Damages

Plaintiff additionally requests liquidated damages for unpaid wages. (See Pl.'s Mem. at 16-18; Damages Calculations); see also Rana v. Islam, 887 F.3d 118, 119 (2d Cir. 2018) (noting that plaintiffs cannot recover cumulative liquidated damages under both the FLSA and NYLL for the same period). Plaintiff may recover liquidated damages in the amount of 100 percent of unpaid wages "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." N.Y. LAB. L. §§ 198(1-a), 663; see also Garcia v. Giorgio's Brick Oven & Wine Bar, No. 11 CV 4689, 2012 WL 3339220, at *4 (S.D.N.Y. Aug. 15, 2012), report and recommendation adopted, 2012 WL 3893537 (S.D.N.Y. Sept. 7, 2012). Here, defendants have not answered or otherwise appeared in this action and thus cannot demonstrate a "good faith" basis for believing the underpayment of wages was lawful. I

12

accordingly recommend that plaintiff be awarded $8,524.95 in liquidated damages, which is the amount equal to his unpaid wages.

### 3. Wage Notices & Wage Statements

Plaintiff also seeks $10,000 in statutory damages for defendants' failure to provide wage notices or wage statements as required by NYLL §§ 195(1) and 195(3). (Pl.'s Mem. at 18-19.) New York's Wage Theft Prevention Act ("WTPA") § 195(1) requires employers to give their employees written notice containing the "employee's rate of pay, allowances, and various other information relating to the computation of plaintiff's pay" at the time of hiring. Deng v. Frequency Elecs., Inc., No. 21 CV 6081, 2022 WL 16923999, at *8 (E.D.N.Y. Nov. 14, 2022). NYLL § 195(3) requires employers "to provide, for each pay period, a statement ('wage statement') showing how that pay was computed including deductions." Id. Plaintiff asserts that he never received a wage notice or wage statements from defendants. (Compl. ¶¶ 17-31; Pl.'s Mem. at 18.)

The WTPA provides for statutory damages for violations of § 195; however, the Second Circuit Court of Appeals recently held that, in order to establish Article III standing, a plaintiff cannot rely on "technical violations" of the New York Labor Law but must allege "'actual injuries suffered as a result of the alleged . . . wage notice and wage statement violations.'" Guthrie v. Rainbow Fencing Inc., 113 F.4th 300, 305 (2d Cir. 2024) (quoting and affirming Guthrie v. Rainbow Fencing Inc., No. 21 CV 5929, 2022 WL 18999832, at *6 (E.D.N.Y. Dec. 13, 2022)). The court explained that "a plaintiff must show some causal connection between the lack of accurate notices and the downstream harm" and "unless the plaintiff-employee can show that he or she would have undertaken [self-]advocacy and plausibly would have avoided some actual harm or obtained some actual benefit if accurate

13

notices had been provided, the plaintiff-employee has not established a concrete injury-in-fact sufficient to confer standing to seek statutory damages under § 195." Id. at 308. The plaintiff must "'link the general harms an employee *might* experience to any harms that [the plaintiff] did, in fact, experience.'" Id. at 311 (quoting Maddox v. Bank of New York Mellon Trust Co., N.A., 19 F.4th 58, 64 (2d Cir. 2021) (emphasis in original)).

Here, plaintiff alleges that as a "direct result" of defendants' failure to provide proper wage notices and statements, plaintiff "suffered a concrete harm, resulting from Plaintiff's inability . . . to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have [been] receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not." (Compl. ¶ 30.) This is insufficient to establish standing under Guthrie, and I therefore recommend that plaintiff's request for statutory damages under the WTPA be denied.

### 4. Post-judgment Interest

Finally, plaintiff requests post-judgment interest under 28 U.S.C. § 1961(a). (Pl.'s Mem. at 19.) Section 1961 provides that interest is calculated "from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment." 28 U.S.C. § 1961(a). Moreover, post-judgment interest under Section 1961 is mandatory. See Fermin, 93 F. Supp 3d at 53. Therefore, I respectfully recommend that plaintiff be awarded post-judgment interest under 28 U.S.C. § 1961.

14

### C. Attorney's Fees and Costs

As the prevailing party, plaintiff is entitled to recover reasonable attorney's fees and costs under both the FLSA and the NYLL.  See 29 U.S.C. § 216(b), N.Y. Lab. L. §§ 198, 663(1).  Courts in this Circuit exercise their discretion to determine the reasonableness of attorney's fees using the "presumptively reasonable fee" standard.  Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 183, 190 (2d Cir. 2008).  The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case."  Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).  As a threshold matter, the party seeking fees must provide accurate, detailed, and contemporaneous attorney time records.  See Scott v. City of New York, 643 F.3d 56, 58-59 (2d Cir. 2011) (per curiam).  Although plaintiff includes a request for attorney's fees and costs in the complaint, plaintiff has not requested attorney's fees and costs in the submissions accompanying the motion for default judgment or provided any attorney time records for this action.  Therefore, I cannot recommend an award of attorney's fees and costs at this time.  Instead, I recommend giving plaintiff thirty days to file a request for attorney's fees and costs accompanied by accurate, detailed, and contemporaneous time records.

### CONCLUSION

For the reasons set forth above, I respectfully recommend that plaintiff's motion be granted in part and denied in part.  Furthermore, I respectfully recommend that plaintiff be awarded $17,049.90, representing $8,524.95 in unpaid wages and $8,524.95 in liquidated damages.  Additionally, I recommend that post-judgment interest be awarded at the rate set forth in 28 U.S.C. § 1961(a).  Finally, I recommend that plaintiff be granted leave to file a request for attorney's fees and costs within thirty days.  Plaintiff is directed to serve copies of this Report

15

and Recommendation on defendants by regular mail, and to file proof of service with the court within ten days of this Report and Recommendation. Any objections to this Report and Recommendation must be filed electronically within fourteen days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

                                                    Respectfully submitted,

                                                    /s/
                                              ROBERT M. LEVY
                                              United States Magistrate Judge

Dated: Brooklyn, New York
       October 29, 2024